# McGrew & Sons *v.* Earnest, *et al.*

*Bill to Declare and Enforce Mechanics' Lien.*

(Decided June 14, 1910.  52 South. 639.)

1. *Partnership; Action; Pleading; Process.*—Where the bill was filed against the firm but failed to aver who composed it or give the Christian name of the partners, and summons was served upon one of the alleged members of the firm, such service was sufficient to sustain a decree pro confesso on failure of the person summoned to answer.

[McGrew & Sons v. Earnest, et al.]

2. *Mechanic and Material-man's Lien; Enforcement; Issue and Proof; Variance.*—Where a bill by sub-contractors to enforce a mechanic's lien alleged a contract between the owners and C. and K. as original contractors to build a house, that one of the original contractors, K., employed the complainants as material-men and mechanics to do the work, and the proof showed that the contract was between the owner and a lumber company, which was a corporation, and also that K. was not one of the original contractors, but a mechanic employed by C. to do the work, and he in turn employed complainants to work for him, there was a fatal variance both as to the making of the original contract and as to complainant's employment.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Bill by McGrew & Sons against Lettitia Earnest and others to declare and enforce a material-man's lien. From a decree for respondents other than Crotwell & Kent, the complainants appeal. Affirmed.

ESTES, JONES & WELCH, for appellant. No brief came to the Reporter.

BEN G. PERRY, for appellee. No brief came to the Reporter.

MAYFIELD, J.—Appellants sought in this their bill to have declared and enforced a mechanic's lien upon a house of Mrs. Earnest. Crotwell & Kent were made respondents to the bill as contractors, and they were sought to be held liable to complainants for $160, balance due under contract between them and complainants as for the building of the house in question.

The bill alleges that Mrs. Earnest is the owner of the house in question; that Crotwell & Kent are the contractors, and that complainants are the mechanics employed by the contractors to paint, paper and decorate the house; and that the balance due of $160 is for this work and material done and furnished by them as such mechanics and materialmen, and that they have a lien

by virtue of the statute as for any unpaid balance due from the owner to the original contractors. The bill also alleges the giving of proper notice of their claim to the owner, and the proper filing of the statements thereof in the probate office to effectuate their lien. Demurrers were interposed by Mrs. Earnest to the bill, and the same were overruled. The bill was then answered by her and one J. I. Crotwell, each answering separately and each denying the material allegations of the bill. A decree pro confesso was taken against Crotwell & Kent, and a motion was made by complainants to strike the answer of J. I. Crotwell, on the ground that he was an interloper and a stranger to the suit. This motion was overruled; and the ruling thereon is made one of the assignments of error. The bill fails to aver who compose the firm of Crotwell & Kent, or whether it is a partnership or a corporation, or to give the Christian names of Crotwell and Kent.

The record shows that the summons was served upon J. I. Crotwell, the same person who answered, so we cannot know, upon this state of the record, that he had no right to answer. In fact upon this condition of the record a decree pro confesso might have been rendered which would be binding upon him if he had failed to answer. The cause was heard on bill, answer, and proof, and a final decree rendered dismissing the bill; and it is the correctness of this decree that appellants next assail.

It is contended by appellants that the bill was sufficient to support the relief prayed, and that it was fully supported by the proof, and that a decree should have been rendered in their behalf accordingly. The bill was sufficient and was well filed; but we agree with the chancellor that the proof failed. There was a material variance between the allegations and the proof. The bill

alleged a contract between Mrs. Earnest, the owner, and Crotwell & Kent, as original contractors to build the house; while the proof (as we find it from the record) shows the contract to have been between Mrs. Earnest and Crotwell Bros. Lumber Company, a corporation. The bill alleges that one of the original contractors, Kent, employed complainants as materialmen and mechanics to work on the house. The proof shows that Kent was not one of the original contractors, but was a mechanic himself, employed by one Crotwell to do the work, and that he in turn employed complainants to do the work for him. This also was a material variance.

It is true, as contended by appellants, that there was some evidence tending to show a partnership existing between Crotwell and Kent, but none of this was binding upon Mrs. Earnest, nor do we think it was shown sufficiently to bind Crotwell in this proceeding. It might bind Kent, but not others.

It therefore follows that the chancellor rendered the only decree that could have been rendered under the proof shown by this record.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.